Madeleine C. Hackman, et al. [1] v. commissioner. Hackman v. Commissioner
Docket Nos. 3510-65, 5837-65, 5839-65.
United States Tax Court
T.C. Memo 1968-136; 1968 Tax Ct. Memo LEXIS 164; 27 T.C.M. (CCH) 668; T.C.M. (RIA) 68136; June 27, 1968, Filed Madeleine C. Hackman, pro se, 851 Washington Rd., Grosse Pointe, Mich. Gary F. Walker, for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: Respondent determined deficiencies in petitioners' income taxes in these consolidated cases and additions thereto as follows: Docket No.
Petitioner
Year
Deficiency
1954 Code Addition to Tax§ 6654
3510-65
Madeleine C. Hackman
1958
$422.41
1959
811.55
$18.34
5837-65
Madeleine A. Willard, et al
1957
282.54
1958
366.38
1959
498.20
1961
214.55
5838-65
Arthur J. Hackman, Jr., et al
1958
340.00
5839-65
Est. of Jeannette Marie Hackman, etc
1955
40.00
1956
166.00
1959
811.55
18.34
The main issue is the correct amount of each petitioner's distributive share *165 of income or loss from a partnership. Petitioners were all residents of Grosse Pointe, Michigan, when their petitiones were filed and the returns for the years in question were all filed with the district director of internal revenue, Detroit, Michigan. Frank M. and Madeleine Willard were husband and wife and Arthur J. and Mary Alice Hackman were husband and wife and these petitioners filed joint returns. The petitioners Madeleine C. Hackman, Madeleine A. Willard, Arthur J. Hackman, Jr., and Jeannette Marie Hackman are partners in a family partnership known as The American Lap Company. Almost all of the adjustments made by respondent in petitioners' income taxes for the years in issue result from respondent's adjustments made with respect to the partnership returns for the years 1957 through 1960. Respondent's notices of deficiency show that the deficiencies are based on his corrected amount as each petitioner's share of the annual income or loss distributable from the partnership for the years in issue. Each notice of deficiency sets forth in detail the adjustments to the partnership's annual income reflected in the partnership's returns (which returns had also been filed with *166 the district director of internal revenue at Detroit). The adjustments in the partnership income involved changes in depreciation deductions in all of the years, disallowance of some salary deductions, and excluding an amount from the cost of goods sold in 1958, and allowing additional automobile expenses in 1957, 1958, and 1959. Respondent also determined an addition to tax under section 6654, Internal Revenue Code of 1954, in the amount of $18.34 for the petitioner Madeleine C. Hackman and for the petitioner Jeannette Marie Hackman. Almost all of the issues raised in petitioners' amended petitions stem from the adjustments made by respondent to the partnership returns for the taxable years 1957 through 1960. In addition, petitioners alleged they were entitled to a deduction for a purported embezzlement of partnership property and petitioner Madeleine C. Hackman alleged she was entitled to a deduction for a so-called rental loss for the taxable year 1958. None of the petitioners presented any evidence to substantiate or establish the assignments of error alleged in the petitions. The only witness was Madeleine C. Hackman. She was allowed to talk at length *167 and nothing she said was even remotely relevant to any issue in this case. There was no evidence of any embezzlement and no evidence about a 670 rental loss. There was no evidence that either Madeleine or Jeannette Hackman did not fail to pay their respective estimated income tax for 1959 which was the basis for the section 6654 addition to their tax. The burden was on petitioners to establish the allegations of their petitions to the effect that the determinations of deficiencies were erroneous. This they failed to do. Respondent has conceded some issues and also made some concessions, which will slightly increase the depreciation deductions in the partnership income and thus affects the amount of distributable partnership income. We hold for respondent. Effect will be given to respondent's concessions in computations under Rule 50. Decisions will be entered under Rule 50. Footnotes
1. Cases of the following petitioners are consolidated herewith: Madeleine A. Willard and Frank M. Willard, Docket No. 5837-65; Arthur J. Hackman, Jr. and Mary Alice Hackman, Docket No. 5838-65; and Estate of Jeannette Marie Hackman, a Minor, Madeleine A. Willard, Guardian, Docket No. 5839-65.↩